The second question confronting us is whether or not a member on the Texas Board of Medical Examiners holds or exercises a "civil office of emolument."

Article 4502 of the Revised Civil Statutes of 1925 provides that "the fund realized from the aforesaid fees shall be applied first to the payment of necessary expenses of the Board of Examiners; any remaining funds shall be applied by the order of the board to compensating members of the board in proportion to their labors."

The fees collected by the Board of Medical Examiners under Articles 4498a, 4500, 4501, and other articles of the Revised Civil Statutes, amount to a sizeable sum, and it is possible that the distribution of remaining funds, after payment of necessary expenses of the Board of Directors, could amount to a substantial financial compensation to members of the board for labors performed in connection with the execution of their duties.

Therefore, it is our opinion that a member of the Texas State Board of Medical Examiners not only holds a civil office, but also a civil office of emolument.

According to 34 Tex. Jur. p. 349, "the constitution applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

The same reasoning, standards and authorities given above are applicable to the case of a director of the Brazos River Conservation and Reclamation District in an effort to determine whether the directorship amounts to a "civil office of emolument." In the light of the sections of the Acts of 1929, 41st. Legislature, 2d. called session Special Laws, p. 22, chapter 13, as amended, creating the Brazos River Conservation District, quoted below, it is our opinion that directorship of said district is a civil office of emolument.

Section 2 reads as follows:

→ "The Brazos River Conservation and Reclamation District is created as a governmental agency, a municipality, body politic and corporate, vested with all the authority as such under the Constitution and Laws of the State; and shall have and be recognized to exercise all of the powers of such governmental agency and body politic and corporate as are expressly authorized in the provisions of

the Constitution, Section 59 of Article 16, for
Districts created to conserve, control and util-
ize to beneficial service the storm and flood
waters of the rivers and streams of the State,
or such powers as may be contemplated and im-
plied by the purposes of this provision of the
Constitution, and as may be conferred by General
Law, and in the provisions of this Act; and shall
have and be recognized to exercise all the rights
and powers of an independent governmental agency,
municipality, body politic and corporate to formu-
late any and all plans deemed essential to the
operation of the District and for its administra-
tion in the control, storing, preservation and dis-
tribution to all useful purposes of the storm and
flood waters of the Brazos River and its tributary
streams; as such District, shall have and be recog-
nized to exercise such authority and power of con-
trol and regulation over such storm and flood
waters of the Brazos River and its tributaries as
may be exercised by the State of Texas, subject to
the provisions of the Constitution and the Acts of
the Legislature."

Section 6 provides:

"The present Board of twenty-one (21) Directors
of the Brazos River Conservation and Reclamation Dis-
trict is hereby declared to be a permanent Board and
shall be divided into three (3) classes of seven (7)
each, as may be determined by lot; The term of of-
fice of those falling in class one shall expire on
the first day of February, 1937, the term of office
for those falling in class two shall expire February
1, 1939, and the term of office of those falling in
class three shall expire the first day of February,
1941, and their successors shall serve for a term of
six (6) years or until their successors are desig-
nated and qualified. The State Board of Water Engineers
shall designate, subject to approval of the Governor,
seven (7) persons each biennium to serve on the Board
of Directors of the Brazos River Conservation and
Reclamation District and not more than sixty (60)
days thereafter each of said Directors shall take
and subscribe to an oath of office, similar in
character to the oaths administered to County Com-
missioners and shall execute bond in the sum of Five
Thousand ($5,000.00) Dollars each, payable to the Dis-
trict, the premium on said bonds to be paid by the
District, the sufficiency of which bonds shall be de-
termined by the State Board of Water Engineers which

bonds after being recorded in the official bond records of the county in which the District maintains its office shall be deposited with a depository selected and approved for the deposit of the funds of the District. All vacancies occurring in the Board of Directors shall be filled by a designation of the State Board of Water Engineers subject to approval of the Governor. Seven (7) members shall constitute a quorum to transact business. No more than two (2) of said Directors shall be appointed who reside in the same county at the time of their appointment. The directors shall each be entitled to receive Ten ($10.00) Dollars per day when attending meetings of the Directors and Five (5¢) per mile in going to and returning from the meetings and when performing duties authorized by resolution of the Board of Directors"

It will be noted that directors of the district are entitled to receive a per diem of $10.00 when attending meetings and "when performing duties authorized by resolution of the Board of Directors."

This amounts to a pecuniary profit, gain or advance which would constitute an emolument within the meaning of Article 16 section 40 of the Texas constitution.

In conclusion we wish to reassert that under Section 40 of Article 16 of the constitution two civil offices of emolument cannot be united in the same person, unless one of them is within the enumerated exceptions. It is our opinion that membership on the Board of Medical Examiners and membership on the Board of Directors of the Brazos River Conservation and Reclamation District would amount to the exercising and holding of two civil offices of emolument. Consequently, we hold that a person may not serve as a member of both boards without violating the constitutional prohibition.

The restraint against a person exercising or holding more than one civil office of emolument might appear to be a manifestation of a superabundance of caution on the part of the framers of the constitution, where the offices are not of major importance, or of high financial remuneration, as is the present case. On the other hand, said prohibition can amount to a protection of fundamental rights and liberties, and a bulwark of democratic institutions and principles. Consequently, regardless of the personalities, offices and compensation involved, the constitutional mandate must be strictly obeyed.

Believing that this will answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Dick Stout

Dick Stout
Assistant

DS-MR

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS